UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. MENDENHALL,<br><br>    Defendant. | 1:13-cv-01679-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT MENDENHALL<br>(Doc. 20.) |

**I.   BACKGROUND**

Curtis R. Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983.  This case now proceeds on Plaintiff's original Complaint, filed on October 17, 2013, against sole defendant D. Mendenhall ("Defendant") for subjecting Plaintiff to excessive force in violation of the Eighth Amendment. (Doc. 1.)

On March 13, 2015, Plaintiff filed a request for entry of default against Defendant. (Doc. 118.)

**II.   ENTRY OF DEFAULT**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely

1

waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, default may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## III.   DISCUSSION

Plaintiff argues that Defendant failed to file a timely response to the Complaint, because Defendant was served with process on February 2, 2015, and did not file an answer within thirty days of the date of service.

The record in this action shows otherwise.  On February 16, 2015, Defendant signed a waiver of service, allowing him "60 days after 1/16/15" to file "an answer or motion under Rule 12."  (Doc. 15 at 1.)  Therefore, Defendant had until March 20, 2015, to timely file an answer or Rule 12 motion.[1]  On March 5, 2015, Defendant filed a timely answer to the complaint. (Doc. 16.)  Based on this record, there is no evidence that Defendant failed to plead or otherwise defend against the Complaint, and Plaintiff is not entitled to entry of default against Defendant on this ground.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against Defendant, filed on March 13, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **March 17, 2015**               **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 6(d), "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)).  Fed. R. Civ. P. 6(d).  The waiver granted Defendant sixty days after January 16, 2015 in which to file a timely answer or Rule 12 motion, which is March 17, 2015.  Id.  With three days added, Defendant's deadline was March 20, 2015.