1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9

10

11   CURTIS RENEE JACKSON,

Plaintiff,

12

v.

13   D. MENDENHALL,

14

Defendant.

15

| | |
|---|---|
| Case No.  1:13-cv-01679-SAB-PC | |
| ORDER DENYING PLAINTIFF'S MOTION FOR  SANCTIONS | |
| (ECF No. 27) | |

16

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

17

§ 1983.  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §

18

636(c).  Pending before the Court is Plaintiff's motion for sanctions.

19

This action proceeds on Plaintiff's complaint against Defendant Correctional Officer

20

Mendenhall for use of excessive force.  Plaintiff seeks monetary damages.  On October 15, 2015,

21

Plaintiff filed a motion titled as "motion for contempt of court and sanctions" pursuant to Federal

22

Rule of Civil Procedure 11 and Local Rule 11-110.

23

Plaintiff seeks to an order imposing sanctions on counsel for Defendant because of his, in

24

Plaintiff's view, unauthorized access to his prison medical file.   Plaintiff contends that

25

Defendant's use of his prison medical record violates his Fourth Amendment expectation of

26

privacy and the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d, et. seq.

27

(HIPAA).   Plaintiff specifically contends that defense counsel violated Rule 11(b) by improperly

28

1

1    accessing his prison medical record during the discovery process.

2          Because Plaintiff is seeking monetary damages for Defendant's alleged use of excessive

3    force, the Court finds that discovery of Plaintiff's prison medical records is not in violation for

4    Rule 11(b)(1)-(4).  By filing a complaint for monetary damages, Plaintiff has put his medical

5    condition at issue.  Further, any opposition to discovery should have been addressed during

6    discovery in this action, which is closed.[1]

7          Regarding Plaintiff's HIPAA argument, Plaintiff is advised that federal courts have found

8    that HIPAA created no private right of action.  U.S. v. Streich, 560 F.3d 926 (9th Cir.

9    2009)("HIPAA does not provide any private right of action."); Webb v. Smart Document

10   Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)("HIPAA itself provides no right of

11   action."); University of Colorado Hosp. v. Denver Publ'g Co., 350 F.Supp.2d 1142, 1145 (D.

12   Colo. 2004)(holding that HIPAA statutory text and structure display no intent to create a private

13   right of action, and noting that Act expressly provides a method for enforcing prohibitions, i.e.,

14   punitive fines and/or imprisonment, which indicates Congress did not intend to allow an

15   additional private remedy).  Put another way, only the government can bring a claim against a

16   medical provider for violation of HIPAA.

17         Regarding Plaintiff's Fourth Amendment claim, the Ninth Circuit has held that prisoners

18   do not have a constitutionally protected expectation of privacy in prison treatment records when

19   the state has a legitimate penological interest in access to them.  Seaton v. Mayberg, 610 F.3d

20   530, 534-35 (9th Cir. 2010).  Because Defendant has been sued for money damages for use of

21   excessive force on Plaintiff, the penological interest in access to Plaintiff's prison medical

22   records is substantial.  Plaintiff does not, therefore, have an expectation of privacy in his prison

23   medical records.

24

25

26

27

28
---
[1] On September 3, 2015, Defendant has filed a motion for summary judgment (ECF No. 24).  On October 2, 2015, Plaintiff filed opposition to the motion.  (ECF No. 26).

1    Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions filed on

2    October 15, 2015, is denied.

3

4    IT IS SO ORDERED.

5    Dated:    **October 19, 2015**

UNITED STATES MAGISTRATE JUDGE