UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS R. JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. MENDENHALL,<br><br>        Defendant. | Case No.: 1:13-cv-01679-SAB (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 24, 26, ) |

Plaintiff Curtis Jackson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

Currently before the Court is Defendant's motion for summary judgment, filed September 3, 2015. (ECF No. 24.) Plaintiff has opposed the motion. (ECF No. 26.) Along with his motion, Defendant served Plaintiff with the notice required by Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

/ / /

/ / /

/ / /

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 14, 2014. (ECF No. 9.) Defendant consented on March 12, 2015. (ECF No. 19.)

1

## I.

## RELEVANT HISTORY

This action proceeds on the original complaint filed on October 17, 2013. (ECF No. 1.) Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Medical Facility at Vacaville, brings this action against Defendant Correctional Officer (C/O) Mendenhall, an employee of the CDCR at Pleasant Valley State Prison, where the incident at issue occurred. Plaintiff claims that Defendant Mendenhall subjected him to excessive force in violation of the Eighth Amendment.

Plaintiff is a paraplegic, wheelchair bound inmate. Plaintiff alleges that on January 28, 2013, Defendant Mendenhall, without provocation, subjected him to excessive force. Plaintiff alleges that he and Mendenhall were engaged in a verbal altercation, and that Mendenhall was out of control. Plaintiff alleges that Mendenhall grabbed the right handle of Plaintiff's wheelchair, and "snatched it backwards with such intense force, Plaintiff fell forward at which time Plaintiff grabed [sic] the frame of his wheelchair to keep from falling on to the concrete ground." (ECF No. 1, ¶ 17.) Plaintiff alleges that his torso went from a bent forward position to an upright position so quickly that he suffered injury.

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required

1  to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031
2  (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at its conclusion, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties.  Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### III.

### DISCUSSION

#### A.   Eighth Amendment

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident,

Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

### B. Defendant's Undisputed Facts

1. Plaintiff was housed at Pleasant Valley State Prison (PVSP) at all times relevant to this case. (Delgado Decl., Ex. C (Jackson Depo. 7:23-8:3.))
2. On January 28, 2013, Officer Mendenhall was working in PVSP's Facility C, Building 5. (Delgado Decl., Ex. B (Def.'s Response to Pl.'s Request for Admission, No. 2.))
3. At some point between 9:30 and 10:00 a.m. on January 28, 2013, Officer Mendenhall and his partner were releasing Building 5's inmates for outdoor recreation. (Delgado Decl., Ex. A (Def.'s Response to Interrogatory No. 3); Ex. B (Def.'s Response to Pl.'s Request for Admission No. 8.)
4. As they were doing so, Mendenhall approached Plaintiff in front of his cell. (Delgado Decl., Ex. A (Def.'s Response to Interrogatory No. 3.)
5. Although the contours of their discussion are unclear, the parties agree that Mendenhall and Plaintiff were involved in some sort of verbal disagreement near Plaintiff's cell. (Comp., ¶ 15, Delgado Decl., Ex. A (Def.'s Response to Interrogatory No. 3); Ex. B (Def.'s Response to Pl.'s Request for Admission No. 10); Ex. C (Jackson Depo. 35:21-36:14, 39:18-39:17, 41:4 – 43:16.)
6. According to Plaintiff, when he tried to guide his wheelchair away from Mendenhall to end the confrontation, Mendenhall grabbed one of the wheelchair handles and "snatched" the wheelchair backwards. (Compl., ¶ 17; Delgado Decl., Ex. C (Jackson Depo. 36:9-14, 42:24-44:21.)
7. Officer Mendenhall's alleged application of force (by grabbing the wheelchair handle) lasted just 1-2 seconds. (Delgado Decl., Ex. C (Jackson Depo. 47:18-23.)
8. Plaintiff had no reason to think Officer Mendenhall had any animus or ill-will towards him before January 28, 2013. (Delgado Decl., Ex. C (Jackson Depo. 26:1-4.)
9. Plaintiff and Officer Mendenhall never had any hostile interactions before January 28, 2013. (Delgado Decl., Ex. C (Jackson Depo. 25:19-25, 39:15-17.)

10. Plaintiff and Officer Mendenhall have not had any hostile interactions since January 28, 2013.  (Delgado Decl., Ex. C (Jackson Depo. 52:22-53:8.)

Defendant argues that he is entitled to summary judgment because the de minimis use of force at issue does not amount to an Eighth Amendment violation.  Defendant specifically argues that jostling a prisoner's wheelchair for one to two seconds is not "repugnant to the conscience of mankind," and thus fails to satisfy Hudson's objective prong.  In his deposition, Plaintiff stated that the totality of the force at issue consisted of Mendenhall's conduct in allegedly grabbing Plaintiff's wheelchair handle and pulling the wheelchair backward.  (SUF No. 6.)  By Plaintiff's own admission, the application of force lasted one to two seconds.  (SUF No. 7.)

Defendant argues that there are cases in which federal courts have found that conduct by prison officials far more egregious that the force complained of here failed to satisfy Hudson's objective test. See, e.g., Marshall v. Milyard, 415 F. App'x 850, 852 (10th Cir. 2011) (finding that the plaintiff's allegation of being grabbed by the arm with such force as to cause bruising was insufficient under the objective prong; Hill v. Vannatta, 123 F. App'x 723, 724 (7th Cir. 2005) (district court found that a slap causing redness and swelling was de minimis and insufficient to state an Eighth Amendment claim); Valentine v. Thomas, 119 F. App'x, 634 635 (5th Cir. 2004) (guard pushing an inmate into a file cabinet that resulted in a bruise was de minimis); Siglar v. Hightower, 112 F.3d 191, 194 (5th Cir. 1997) (officer twisting an inmate's ear, causing soreness and bruising, was de minimis and insufficient to provide a basis for a civil rights lawsuit); Riley v. Dorton, 115 F.3d 1159, 1168 n.4 (4th Cir. 1997) ("angry slap" of pretrial detainee by police officer "falls squarely within the de minimis category"); Norman v. Taylor, 25 F.3d 1259, 1264 (4th Cir. 1994) (keys swung at an inmate's face striking his thumb was not repugnant to the conscience of mankind); Gavin v. Ammons, No. 92-3545, 1994 U.S. App. LEXIS 6889 (7th Cir. Apr. 6, 1994) (guard pulling an inmate's hair not the sort of force repugnant to mankind); Robinson v. Davis, 2008 U.S. Dist. LEXIS 111862 (N.D. Fla. Dec. 23, 2009) (shoving a shackled inmate to the ground, resulting in injury and abrasions to inmate's knee, ankle, and toe was de minimis and insufficient under the Eighth Amendment standard); Santiago v. Campisi, 91 F.Supp.2d 655, 668 (S.D. N.Y. 2000) (unprovoked slap to the jaw was de minimis and not sufficiently repugnant to the conscience of mankind to meet objective prong, and listing other

5

1 examples of force used by officers that was not sufficient to give rise to an Eighth Amendment claim);
2 Brown v. Croce, 967 F.Supp. 101, 104 (S.D.N.Y 1997) (slapping an inmate twice amounted to nothing
3 more than a de minimis use of force by a prison official). Defendant argues that the conduct at issue
4 here "does not come close in severity to the applications of force at issue in these cases, all of which
5 fell short of satisfying Hudson's objective prong." (ECF No. 24, 7:18.)

### C. Opposition

Plaintiff attaches as Exhibit B to his opposition his declaration. Plaintiff declares that Defendant approached Plaintiff's cell "in a aggressive and angry manner [sic]." (Pl.'s Ex. B, 2:12.) Plaintiff declares that Mendenhall was verbally aggressive and "was so out of control, and so close to Plaintiff's face during the course of displaying such hostility, Defendant Mendenhall lost control of the saliva in his mouth." (Id., 2:21-23.) Plaintiff declares that Mendenhall "quickly grabbed the right handle of Plaintiff's wheelchair, and snatched backwards with such intense force, Plaintiff fell forward at which time Plaintiff grabbed the frame of his wheelchair to keep from falling." (Id., 2:28-3:3.) Plaintiff declares that C/O Cantu, who observed the incident from the second tier, ran down the stairs to intervene. Plaintiff declares that C/O Cantu "physically priored [sic] Defendant's hand off Plaintiff's wheelchair handle (right side) breaking Plaintiff free from further injuries that may have occurred." (Id., 3:12-14.)

Plaintiff declares that he sought medical treatment from his primary care physician, Dr. Ho. Plaintiff was prescribed pain medication and physical therapy for his neck pain. Plaintiff's Exhibit E includes copies of Plaintiff's medical records. Page 2 of Exhibit E is a copy of a CDCR Form 7243, Physician Request for Services, reflecting Plaintiff's treatment by Dr. Ho On March 11, 2013. Dr. Ho recommended pain medication, physical therapy, and a cervical range restriction of 75%. Plaintiff also includes in Exhibit E copies of his physical therapy daily notes, indicating that Plaintiff underwent physical therapy on sixteen occasions between March 18, 2013, and July 22, 2013. Plaintiff was provided moist heat to his cervical spine and electrical muscle stimulation.

"Injury and force, . . ., are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."

Wilkins, 509 U.S. at 37, 38. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." (Id.) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986).

The Court finds that Plaintiff has proffered sufficient evidence to establish a triable issue of fact as to whether Defendant Mendenhall's use of force was applied in a good faith effort to restore discipline or sadistically and maliciously for the very purpose of causing harm. Plaintiff has come forward with evidence the establishes that Defendant Mendenhall was verbally hostile to Plaintiff, and jerked Plaintiff's wheelchair so hard that he suffered neck pain, resulting in medical treatment. Defendant's argument that a jostling of Plaintiff's wheelchair for one to two seconds constitutes a de minimis use of force is belied by Plaintiff's evidence. Drawing all inferences in favor of the non-moving party, Plaintiff has come forward with evidence from which a reasonable trier of fact could determine that Defendant Mendenhall subjected Plaintiff to excessive force in violation of the Eighth Amendment. Defendant's motion should therefore be denied.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: **August 4, 2016**

UNITED STATES MAGISTRATE JUDGE