# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>D. MENDENHALL,<br><br>Defendant. | Case No. 1:13-cv-01679-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 39, 40, 42) |

Plaintiff Curtis Renee Jackson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim that Defendant Correctional Officer (CO) Mendenhall used excessive force in violation of the Eighth Amendment when he grabbed the right handle of Plaintiff's wheelchair, and "snatched backwards with such intense force, Plaintiff fell forward at which time Plaintiff grabed [sic] the frame of his wheelchair to keep from falling onto the concrete ground." (ECF No. 1 at ¶ 17.) Plaintiff alleges that his torso went from a bent forward position to an upright position so quickly that he suffered injury. (Id.) The parties have consented to the jurisdiction of a United States Magistrate Judge, and this matter is scheduled for a jury trial on February 14, 2017.

On September 1, 2016, Plaintiff filed a motion for appointment of counsel. (ECF No. 39.) On September 12, 2016, Plaintiff filed a motion for appointment of counsel for his settlement conference. (ECF No. 40.) On October 17, 2016, Plaintiff filed a duplicate copy of his motion for appointment of counsel for his settlement conference. (ECF No. 42.)

1

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff asserts that he suffers from severe depression, anxiety, and PTSD, for which he is prescribed powerful psychotropic medications that affect his cognitive thinking. (ECF No. 39 at ¶ 4.) He states that he has been a mental health patient since 1989 and has been a patient in the mental health program at California Department of Corrections and Rehabilitation ("CDCR") since he entered CDCR in 1996. (ECF No. 39 at ¶ 3.) Plaintiff further states that he has been a participant in the enhanced out-patient program. (ECF No. 39 at ¶ 5.) Plaintiff argues that he should be appointed counsel because his mental illness and the "powerful psychotropic medication" make it impossible for him to concentrate and affect his ability to understand, prepare, and articulate his claims, defenses, and damages. (ECF No. 39 at ¶ 9; ECF No. 40 at ¶ 2.) Plaintiff attaches a letter from Barbara Bachmeier, Psy. D. (ECF No. 40 at 4.) Plaintiff also attaches a copy of his statewide psychotropic medication consent form. (ECF NO. 39 at 11-12.)

In the present case, the court does not find the required exceptional circumstances. This court is faced with similar cases almost daily. Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. See, e.g., Warren v. Harrison, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (unpublished) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his

1 claims and attached three pertinent exhibits); Miller v. McDaniel, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (unpublished) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims pro se).

Here, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Although Plaintiff has mental health issues, he has demonstrated the capability to adequately articulate his claims, positions, and arguments, particularly given that this action involves an excessive force claim that is not complex. The Court notes that Plaintiff participated in a settlement conference in this action before Magistrate Judge Kendall J. Newman on October 27, 2016, wherein Plaintiff was adequately able to discuss settlement and articulate his claims. (ECF No. 44.) The Court also notes that Plaintiff represented himself during a two day trial in another civil rights action in this Court before Magistrate Judge Barbara A. McAuliffe. See Jackson v. Mendez, 1:11-cv-00080-BAM, ECF No. 205 (E.D. Cal. Dec. 1, 2015). Furthermore, the Court finds that the evidence Plaintiff submitted and the proceedings in this action do not establish that he is incompetent or otherwise require the appointment of counsel on the basis of Plaintiff's mental health.

For the foregoing reasons, Plaintiff's motions for the appointment of counsel (ECF Nos. 39, 40, 42) are HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **October 31, 2016**

UNITED STATES MAGISTRATE JUDGE